## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Coppedge, et al. | : | |
|                    Debtors. | : | |
| _____ | : | |
| James Coppedge, | : | |
|                    Appellant, | : | |
|          v. | : | C. A. No. 19-12-MN |
| Specialized Loan Servicing LLC, as servicing agent for Banc of America Funding Corporation 2007-3, U.S. Bank National Association, as Trustee, | : | Bankruptcy Case No. 17-12341-BLS<br>BAP No. 19-01 |
|                    Appellee. | : | |
| _____ | : | |
| In re: Coppedge, et al. | : | |
|                    Debtors. | : | |
| _____ | : | |
| James Coppedge, | : | |
|                    Appellant, | : | |
|          v. | : | C. A. No. 19-13-MN |
| Specialized Loan Servicing LLC, as servicing agent for Banc of America Funding Corporation 2007-3, U.S. Bank National Association, as Trustee, | : | Bankruptcy Case No. 17-12341-BLS<br>BAP No. 19-02 |
|                    Appellee. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **12th** day of **February, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, a teleconference was held on February 1, 2019 for an initial review and discussion with Appellant and counsel for Appellee to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Prior to the teleconference, Appellant provided a number of documents which the Court was unable to review, and so informed Appellant. During the teleconference the Court explained its purpose which was to determine whether the matter should be removed from mandatory mediation and proceed through the appeals process of this court. Counsel for appellee advised that mediation in this matter would not be worthwhile. Appellant verbally presented an extensive explanation for the bases of his appeal. I advised that based on my understanding of the issues, that I intended to recommend removal of the matter from mandatory mediation and for a briefing schedule to be entered. Appellant requested that the Court review the documents that he forwarded before entering my Recommendation. The Court has since done so. Appellant is appealing two Orders by Judge Shannon entered December 20, 2018: the Order Striking Notice of Default and Dishonor of Appellee and the Order Denying Debtor's Motion for Reconsideration. Both Orders were denied because they reflected arguments and theories that had been previously considered and rejected by the Bankruptcy Court, that no grounds were offered

by the Appellant to support the extraordinary relief of reconsideration of an order and the motions were part of a multiplicity of repetitive, vexatious and unduly burdensome filings. The Bankruptcy Court further granted Appellee its allowance of fees in the amount of $500.00. Neither Order is conducive to mediation since the appeals requested that these orders be overturned, in part based on the argument that the debt was discharged.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.

IT IS FURTHER RECOMMENDED that the following briefing schedule be entered to address the issues raised on appeal for the Court's review and consideration.

| | |
|---|---|
| Appellant's Opening Brief | March 11, 2019 |
| Appellees Answering Brief | April 15, 2019 |
| Appellant's Reply Brief | May 1, 2019 |

Briefing shall be consistent with the Local Rules of Civil Practice and Procedure of this Court and subject to the following page limitations pursuant to D. DEL. LR 7.1.3: Opening brief limited to twenty (20) pages double spaced; answering brief limited to twenty (20) pages double spaced; and Reply brief limited to ten (10) pages double spaced.

IT IS ORDERED that the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. If any objections are filed, they shall be due within ten (10) days of the **issuance** of this Recommendation and shall be limited to five (5) pages double spaced. Any

response shall be due within ten (10) days after service of the objections and shall be limited to five (5) pages double space. No additional filings in support of or in opposition to the objections shall be filed without prior authorization by the Court.

IT IS FURTHER ORDERED that no modifications to the page limitations or the due dates for submissions contained in this Recommendation shall occur without prior authorization by the Court.

Local counsel are obligated to inform any out-of-state counsel of this Recommendation.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge