IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: JAMES COPPEDGE, | : | Chapter 13 |
| | : | |
| Debtor. | : | Case No. 17-12341-BLS |
| _____ | : | |
| JAMES COPPEDGE, | : | |
| | : | |
| Appellant, | : | Civ. No. 19-12-MN |
| v. | : | Civ. No. 19-13-MN |
| | : | |
| SPECIALIZED LOAN SERVICING LLC, as servicing agent for Banc of America Funding Corporation 2007-3, U.S. Bank National Association, as Trustee, | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |
| JAMES COPPEDGE, | : | |
| | : | |
| Appellant, | : | Civ. No. 19-713-MN |
| v. | : | |
| | : | |
| MICHAEL B. JOSEPH, Chapter 13 Trustee, | : | |
| | : | |
| Appellee. | : | |

**MEMORANDUM**

**I.  INTRODUCTION**

Presently before the Court are three appeals filed by *pro se* appellant James Coppedge ("Appellant").[1] These appeals concern three orders (Bankr. D.I. 79, 80, 101)[2] entered by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") in

---

[1]  *Coppedge v. Specialized Loan Servicing LLC*, Civ. No. 19-12-MN; *Coppedge v. Specialized Loan Servicing LLC*, Civ. No. 19-13-MN; and *Coppedge v. Michael B. Joseph, Chapter 13 Trustee*, Civ. No. 19-713-MN.

[2]  The docket of the Chapter 13 case, captioned *In re Coppedge*, No. 17-12341-BLS (Bankr. D. Del.), is cited herein as "B.D.I. __."

1

Appellant's Chapter 13 case, captioned *In re James Coppedge*, Case No. 17-12341 (BLS) (Bankr. D. Del.).

## II. BACKGROUND

On November 1, 2017, Appellant filed a voluntary proceeding under Chapter 13 of the Bankruptcy Code in the Delaware Bankruptcy Court. This is the Appellant's third bankruptcy filing since 2013. Appellant has filed multiple actions, emergency motions, and appeals in this Court. *See, e.g, Coppedge v. Joseph*, 533 B.R. 885 (D. Del. 2015); *Coppedge v. Charlton*, 2019 WL 4857469 (D. Del. Oct. 2, 2019)

Appellee, Specialized Loan Servicing, LLC, as servicing agent for Bank of America Funding Corporation, as Trustee or its successor in interest or assignee ("Creditor"), is a secured creditor and mortgage lien holder on real property owned by Appellant and located at 52 Barkley Court, Dover, Delaware 19904 ("the Property"). Creditor filed a proof of claim on November 10, 2017 for the Property with a secured claims of $549,252.08 and prepetition arrears in the amount of $17,372.27. (Civ. No. 19-13-MN, D.I. 12 at Ex. C).

On March 26, 2018, Appellant's Chapter 13 plan was confirmed by the Bankruptcy Court on an interim basis. (Bankr. D.I. 29). Thereafter, the Bankruptcy Court granted stay relief to Creditor so that Creditor could exercise its state law remedies in foreclosure and sale proceedings against the Property. The record reflects that the hearing on the Lift Stay Motion was originally set for April 24, 2018, and was adjourned to May 22, 2018 (Bankr. D.I. 35) on the condition that a mortgage payment be timely made to Creditor. The payment was not made as required, and relief from stay was granted by Order dated May 23, 2018 (Bankr. D.I. 38) ("the Stay Relief Order").

Following entry of the Stay Relief Order, Appellant filed a number of documents, including a Motion for Leave for Reconsideration of Order Granting Relief from Automatic Stay (Bankr. D.I. 39) ("Motion for Leave") and Motion to Avoid Lien Due to Breach of Contract and Errors of Debtor(s) Ineffective Counsel (Bankr. D.I. 44) ("Motion to Avoid Lien"), and various other documents. (Bankr. D.I. 43, 51, 52).

In the Motion for Leave, Appellant sought reconsideration of the Stay Relief Order on several grounds. Appellant contended that his attorney failed to assist him properly, and separately contended that any obligation he may have to Creditor had been discharged or otherwise satisfied. In the Motion to Avoid Lien, Appellant made similar arguments to those made in the Motion for Leave, including that his attorney failed to represent him properly, and accordingly, requested that Creditor be prevented from exercising its remedies. Appellant further challenged the exercise of Creditor's remedies on a variety of theories, including: that (i) Creditor had been paid in full by an "EFT check"; (ii) any debt to Creditor had been discharged, (iii) Congress legislated in 1933 that all personal debts are discharged and unenforceable, (iv) debts owed in the currency of the United States are unenforceable; and (v) Creditor lacked standing to proceed in the Bankruptcy Court.

After notice and hearing, the Bankruptcy Court entered an Order denying the Appellant's motions on August 14, 2018 (Bankr. D.I. 54) ("the Reconsideration Order"). The Bankruptcy Court determined that the record did not support any finding that the mortgage had been paid. The Bankruptcy Court cited the opinion by the Delaware Superior Court, arising out of the foreclosure proceeding on the Property, in which the Delaware Superior Court rejected Appellant's same arguments and granted judgment in favor of the predecessor creditor. (*Id*. at 2; *see* Civ. No. 19-13-MN, D.I. 12 at Ex. R (citing and attaching *U.S. Bank Nat'l Ass'n v. Coppedge*, C.A. No. K11L-02-042 (RBY) (Del. Sup. Ct. 2011)). The Bankruptcy Court found no support for the assertion

that the alleged federal legislation referenced by the Appellant affected in any way his obligation to pay his mortgage, or that Appellant's counsel failed to adequately or properly represent him in the Chapter 13 proceedings. Finally, the Bankruptcy Court struck Appellant's alleged $500,000 "counterclaim," which was also asserted in the Motion to Void, as procedurally defective, noting that the record afforded Appellant "no basis" to assert any "counterclaim" against Creditor. (Bankr. D.I. 54 at 2-3).

Nevertheless, following entry of the Reconsideration Order, Appellant continued to file motions and documents and forward correspondence to the Bankruptcy Court and other parties in interest raising the same arguments. Creditor has been forced to respond to these additional filings, which has resulted in additional orders, including those now on appeal and others.

As of August 14, 2018, the date of the Reconsideration Order, Appellant's loan had been in active foreclosure status for approximately nine years (since 2009), and no loan payments had been made in that time.

The orders on appeal, which include multiple sanctions against Appellant for vexatious and duplicitous filings, are discussed in the analysis below. Appellant has made numerous additional filings which are not in compliance with the Federal Rules of Appellate Procedure or Federal Rules of Bankruptcy Procedure or the briefing schedules in these appeals ("Additional Filings").[3] Because Appellant proceeds *pro se*, however, the Court construes these pleadings liberally. *See*

---

3    *See* Civ. No. 19-12-MN, Motion for Supersedeas Bonds Approval by the Court (D.I. 14), Motion to Vacate Void Judgment and Honor Counterclaim in Continuance of Arbitration (D.I. 16); Civ. No. 19-13-MN, Motion for Supersedeas Bonds Approval by the Court (D.I. 14), Motion to Vacate Void Judgment and Honor Counterclaim in Continuance of Arbitration (D.I. 16), Petition to Reinstate Automatic Stay Due to Bond Security of Payment (D.I. 18); Civ. No. 19-713-MN, Motion for Supersedeas Bonds Approval by the Court (D.I. 10), Motion to Vacate Void Judgment and Honor Counterclaim in Continuance of Arbitration (D.I. 13), Motion to Enter Judgment in Support of Application for Default Judgment (D.I. 15).

4

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted). The Court has therefore considered all of the papers filed by the parties in these appeals. The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. For the reasons set forth below, the Orders entered December 20, 2018 (B.D.I. 79, 80) are affirmed, the appeal of the Order entered April 4, 2019 (B.D.I. 101) is dismissed, and the relief requested in the Additional Filings is denied as procedurally improper and/or moot.

### III. JURISDICTION AND STANDARD OF REVIEW

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3). In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir. 1999). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

### IV. DISCUSSION

#### A. Orders on Appeal

##### 1. Order Denying Reconsideration (B.D.I. 79)

On July 31, 2018, Appellant filed a "Motion for Default Judgment" (Bankr. D.I. 51). On August 21, 2018, Creditor filed a motion to strike Appellant's pleading (Bankr. D.I. 58) ("Motion

to Strike"). In the Motion to Strike, Creditor argued that the Bankruptcy Court's Reconsideration Order had already considered and rejected Appellant's arguments that the underlying mortgage obligation was discharged or otherwise satisfied and that Appellant was not adequately represented in the Chapter 13 proceedings, and that no new grounds had been asserted by Appellant in the Motion for Default Judgment. As Creditor had been forced to respond to the same claims through a second round of motion practice, Creditor further requested an award of its attorney's fees (to be paid through Appellant's Chapter 13 plan). (B.D.I. 58 at 2). On October 30, 2018, following notice and a hearing, the Bankruptcy Court issued a ruling granting the Motion to Strike and awarding allowed attorney's fees of $1,500 in Creditor's favor, pending submission of an appropriate form of order, which was later entered on November 16, 2018. (B.D.I. 69).

On November 14, 2018, Appellant filed a Motion to Reconsider Order Granting Motion to Strike Debtor's Motion for Default Judgment with Counterclaim and Awarding Fees. (B.D.I. 70, 71, 72). Creditor again objected to the request for reconsideration on the basis that it contained the same arguments and allegations previously rejected by the Bankruptcy Court, including that the subject mortgage had been paid, discharged, or otherwise nullified by federal statue. (B.D.I. 74 at 2). Although the motion also included a reference to recusal, Creditor noted this request was based solely on Appellant's disappointment with rulings that were not in his favor, which does not constitute cause to warrant recusal. (*Id*.). On December 20, 2018, the Bankruptcy Court entered an Order denying the relief requested in Appellant's motion and awarding additional allowed attorney's fees in the amount of $500 in Creditor's favor (B.D.I. 79) ("Order Denying Reconsideration"). On January 2, 2019, the Court docketed Appellant's appeal of the Order Denying Reconsideration. (*See* B.D.I. 81; Civ. No. 19-12-MN, D.I. 1). This appeal is fully briefed. (D.I. 8, 12).

6

## 2. Order Striking Notice of Default (B.D.I. 80)

On December 20, 2018, Appellant filed a Notice of Default and Dishonor of SLS, LLC (B.D.I. 78) ("Purported Default Notice"). The same day, the Bankruptcy Court entered an Order striking the Purported Default Notice (B.D.I. 80) ("Order Striking Notice of Default") because it "reflects arguments and theories repeatedly rejected by this Court, most recently in the Court's Order Denying Motion for Reconsideration dated December 20, 2018 [Docket No. 79]." Noting that "the multiplicity of repetitive filings [by Appellant] is vexatious and unduly burdensome upon the Court and the parties," the Bankruptcy Court ordered the Purported Default Notice stricken, and further ordered that "in the event [Appellant] files any additional submission, pleading, motion or other request for relief in this case, such matter will **NOT** be scheduled for hearing, and affected parties **NEED NOT** file any response or objection unless directed to do so by the Court." (B.D.I. 80 (emphasis in original)). On January 2, 2019, the Court docketed Appellant's appeal of the Order Striking Notice of Default and Dishonor. (*See* Civ. No. 19-13-MN, D.I. 1). This appeal is fully briefed. (D.I. 8, 12).

## 3. Final Reconsideration Order (B.D.I. 101)

Thereafter, Appellant filed further motions for reconsideration. On January 24, 2019, Appellant filed a notice (Bankr. D.I. 93) ("Notice of Discharge"). On February 19, 2019, the Court entered an Order Striking Notice of Discharge (Bankr. D.I. 94). On March 7, 2019, Appellant filed a motion for reconsideration of the Order Striking Notice of Discharge. (Bankr. D.I. 100). On April 4, 2019, the Bankruptcy Court entered an Order denying the repetitive motion for reconsideration (Bankr. D.I. 101) ("Final Reconsideration Order"), noting that Appellant's submissions merely repeated arguments and theories previously considered and

rejected by the Bankruptcy Court and that no grounds had been offered by Appellant to support the relief of reconsideration.

On April 18, 2019, this Court docketed Appellant's appeal from the Final Reconsideration Order. (Civ. No. 19-713-MN, D.I. 1). On June 12, 2019, Magistrate Judge Thynge entered a Recommendation that Bankruptcy Appeal Be Withdrawn From Mandatory Mediation (Civ No. 19-713-MN, D.I. 6) ("Recommendation"). On June 25, 2019, Appellant filed an objection to the Recommendation (*id.*, D.I. 8) ("Objection"). The Objection raises no issue as to why withdrawal from the Court's mediation process is not appropriate. Instead, it rehashes substantive and evidentiary arguments underlying the appeal. The Court accepts the Recommendation. Appellee, Michael B. Joseph, as Chapter 13 Trustee ("Trustee") has moved to dismiss the appeal (D.I. 12) ("Motion to Dismiss"), and the Court has considered Appellant's response (D.I. 14) and other submissions.

**B. The Order Denying Reconsideration (B.D.I. 79) and the Order Striking Notice of Default (B.D.I. 80) Were Properly Denied**

Rule 60 of the Federal Rules of Civil Procedure, made applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 9024, governs the relief sought here. In Bankruptcy Court, relief from an order is permitted only if one of the following is shown by the movant:

(1) mistake, inadvertence, surprise, excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacate; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Appellant failed below – and has failed on appeal – to challenge any of the Bankruptcy Court's findings of fact as clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re N.W. Corp.*, 365 B.R. 453, 456 (D. Del. 2007) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The evidence cited by Creditor supports the Stay Relief Order. Among other things, Creditor's Proof of Claim, attaching the mortgage and listing prepetition arrearages, establishes that Creditor is a secured creditor and mortgage lien holder on the Property owned by Appellant and that the loan at issue has been in an active foreclosure state since 2009. (*See* Civ. No. 19-13-MN, D.I. 12 at Ex. C). There is no dispute that the mortgage requires "payments due . . . shall be made in U.S. currency." Whatever other arguments Appellant may assert, it is not disputed that Appellant has not made mortgage payments in U.S. currency. The record does not support any finding that the mortgage was paid.

Appellant cited below no mistake, inadvertence, surprise, or newly discovered evidence. Appellant has submitted a letter dated June 29, 2009 allegedly from AHMSI Servicing, which he claims to be an acknowledgment of payment in full. The account number referenced in the letter, however, does not correspond to the subject loan and the statement that payment has been made is contradicted by the information and documentation supplied by Creditor. (*See* Bankr. D.I. 27) (Sworn Affidavit in Support of SLS Motion for Relief from Stay). The proffered letter does not constitute newly discovered evidence or demonstrate a mistake or inadvertence on the part of the Bankruptcy Court in entering the Stay Relief Order.

At bottom, Appellant's motion for reconsideration rests on his disagreement with the Bankruptcy Court's legal conclusions. Appellant relied below, as he does on appeal, on rejected

arguments that he has satisfied or paid the amounts due under the mortgage by ETF, by filing of a "Bill of Exchange," or by filing a UCC Financing Statement Amendment, stating that the sum of $567,000.00 is to be deposited at the Department of Treasury on behalf of the Bankruptcy Court. Appellant's statutory arguments, that Congress legislated in 1933 that all personal debts are unenforceable and that debts owed in U.S. currency are unenforceable, have been rejected as a matter of law. The HJR-192 legislation from 1933 specifically states that debt obligations "shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts." That legislation did not act to discharge debts. In support of reconsideration, Appellant merely rehashes his legal arguments below and here. Disagreement with the Bankruptcy Court's legal ruling did not warrant reconsideration or relief from the Stay Relief Order. Moreover, the Court finds no basis to reverse the Stay Relief Order, or the December 20, 2018 orders denying reconsideration or relief from the Stay Relief Order, based on the arguments presented.

Additionally, Appellant's arguments that the note and mortgage have been somehow settled or paid by a "Bill of Exchange" or EFT or otherwise nullified by federal legislation, are barred by the doctrine of res judicata because these arguments have been asserted and repeatedly denied in the state court foreclosure proceedings. The Delaware Superior Court has previously ruled upon Appellant's continued liability under the note and mortgage and has rejected the argument that the EFT satisfied or paid the amounts due. "A federal court must give the same preclusive effect to state court judgments that those judgments would be given under the law of the state in which the judgment was rendered." *Aro v. Triumphe Leasing Network, Inc., (In re Aro)*, 2014 WL 3702833, *2 (Bankr. D. Del. 2014).

> In order to prevent multiplicity of litigation, Delaware law precludes the assertion of claims in subsequent litigation where: (1) the original court had jurisdiction over

> the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues to be decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.

*Id.* In this case, the Delaware Superior Court has already ruled upon the same argument that Appellant's liability for the amounts due under the mortgage were satisfied or paid by ETF or that such obligations were otherwise nullified by federal legislation. The parties in that litigation were identical, and Appellant's arguments were rejected by Delaware Superior Court in the foreclosure proceeding which resulted in a final judgment (Civ. No. 19-13-MN, D.I. 12 at Ex. R). Moreover, these arguments were also rejected Appellant's prior Chapter 13 bankruptcy proceeding filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania. *See In re Coppedge*, Case No. 16-15806-ELF (Bankr. E.D. Pa.), at D.I. 45, Appellant's objection dated January 26, 2017 (citing HJR-192 in opposition to Creditor's motion for relief from automatic stay to as to exact same Property); D.I. 60 (modifying the automatic stay to permit foreclosure and other remedies with respect to the Property).

Res judicata is a fundamental precept of common law adjudication and its purpose is to preclude parties from re-litigating contested matters that they have had a full and fair opportunity to litigate. The doctrine protects adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent rulings. *In re Montgomery Ward, LLC*, 388 B.R. 49, 60 (Bankr. D. Del. 2008). Here, Appellant has had a full and fair opportunity to litigate these issues in multiple courts, each of which has rejected his arguments. Creditor has been prejudiced in its ability to move forward with its contractual rights and in being required to respond to duplicitous filings by Appellant in multiple jurisdictions. The Orders should be affirmed on the basis of res judicata.

11

### C. Appeal of the Final Reconsideration Order Is Dismissed

Finally, the Trustee has moved to dismiss Appellant's appeal of the Final Reconsideration Order on the basis that there is no new substantive issue presented from the prior appeals filed by Appellant. The Court agrees.

Reconsideration of the relief granted in the Stay Relief Order has been sought and denied multiple times on the basis that Appellant raises the same arguments considered and rejected by the Bankruptcy Court. Likewise, the motion underlying the Final Reconsideration Order again restated the same arguments considered and rejected by the Bankruptcy Court, and the request for relief was rejected in a one line order. (B.D.I. 101). Having failed to rebut the evidence supporting the Stay Relief Order, Appellant has failed to present any new evidence, argument, or circumstance justifying reconsideration of the Stay Relief Order through three separate (and at times, overlapping) rounds of motion practice. Appeal of the Final Reconsideration Order must be dismissed as the subject matter concerns the Bankruptcy Court's denial of further reconsideration of the exact same arguments, theories, and misstatements of fact considered and rejected by prior decisions, including the Reconsideration Order entered on August 14, 2018, and the subsequent Orders entered on December 20, 2018 and affirmed herein.

Even assuming that Appellant is pursuing a different issue or theory, which he is not (*see* Appellant's opening brief, Civ. No. 19-713-MN, D.I. 4), the appeal is vague, repetitive, and nonsensical. As the Superior Court held back in 2011, Appellant merely attempts to circumvent (or vacate) the inevitable foreclosure with documents containing nonsensical contents. Furthermore, Appellant has failed to comply with Federal Rule of Bankruptcy Procedure 8006, which required the Appellant to file and serve upon the Trustee a designation of the items to be

included in the record on appeal within fourteen days of the filing of the appeal. Appellant did not file any such designation or statement within the prescribed period.

The Court has the inherent power to manage its docket. The Court will not countenance serial and baseless appeals seeking to disturb the Bankruptcy Court's Stay Relief Order, which were clearly filed for the purpose of further delaying the decade-long efforts of the Creditor to enforce its legal remedies with respect to the Property.

## V. CONCLUSION

For the reasons set forth herein, both the Order Denying Reconsideration (B.D.I. 79) and the Order Striking Notice of Default (B.D.I. 80) are affirmed, the appeal of the Final Reconsideration Order (B.D.I. 101) is dismissed, and the relief requested in the Additional Filings is denied as procedurally improper and/or moot. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE